UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

VERNON BRANCH,

                                Plaintiff,

               -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

------------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4/5/12

**JUDGMENT PURSUANT TO RULE 68**

11 CV 3048 (JGK) (MHD)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about May 4, 2011, alleging that defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendant The City of New York has denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** on March 15, 2012, pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant The City of New York made plaintiff Vernon Branch an Offer of Judgment; and

        **WHEREAS,** on March 21, 2012, plaintiff Vernon Branch accepted defendant The City of New York's Rule 68 Offer of Judgment;

        **NOW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

        1.    Pursuant to Rule 68 of the Federal Rules of Civil Procedure, plaintiff Vernon Branch will take judgment against defendant City of New York in this action for the sum of One Hundred Thousand and One Dollars ($100,001.00), plus reasonable attorneys' fees, expenses and costs to the date of this offer (March 15, 2012) for plaintiff's federal claims, if any,

against defendant City of New York or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof.

2. This judgment shall be in full satisfaction of all federal and state law claims or rights that plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of defendants City of New York, Officer Jeremy Veit, Officer Kosta Demetrakopoulos, Officer Emmanuel Valerio, Captain Andrew Ventrella, Lieutenant Osvaldo Nunez, Deputy Inspector Joseph Dowling, Sergeant Timothy Conlon, or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

3. This judgment shall not to be construed as an admission of liability by any defendant, official, employee, representative or agent, past or present, of the City of New York, or agency thereof; nor it is an admission that plaintiff has suffered any damages.

4. Acceptance of this offer of judgment acted to release and discharge defendants City of New York, Officer Jeremy Veit, Officer Kosta Demetrakopoulos, Officer Emmanuel Valerio, Captain Andrew Ventrella, Lieutenant Osvaldo Nunez, Deputy Inspector Joseph Dowling, Sergeant Timothy Conlon; their successors or assigns; and all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by plaintiff in the above-referenced action.

5. By accepting the offer of judgment, plaintiff waived plaintiff's rights to any claim for interest on the amount of the judgment.

6. By accepting the offer of judgment, plaintiff agreed that the aforesaid payments within ninety (90) days of the date of acceptance of the offer shall be a reasonable time

for such payment, unless plaintiff received medical treatment in connection with the underlying claims in this case for which Medicare has provided, or will provide payment in full or in part. If plaintiff is a Medicare recipient who received medical treatment in connection with the claims in this case, the ninety (90) day period for payment shall start to run from the date plaintiff submits to Counsel for Defendants a final demand letter from Medicare.

7. By accepting the offer of judgment, plaintiff agreed to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as secondary payer and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26. Plaintiff further agreed to hold harmless defendants, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

Dated: New York, New York
April 5, 2012

_____
HON. JOHN G. KOELTL, U.S.D.J