Kotik, S

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/10/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VERNON BRANCH,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK, et al.

                            Defendants.

------------------------------------------------------------X

**STIPULATION OF SETTLEMENT OF ATTORNEY'S FEES AND ORDER OF DISMISSAL**

11 CV 3048 (JGK) (MHD)

**WHEREAS,** plaintiff Vernon Branch commenced this action by filing a complaint on or about May 4, 2011, alleging that defendants violated plaintiff's federal civil and state common law rights; and

**WHEREAS,** defendants City of New York, Officer Jeremy Veit, Officer Kosta Demetrakopoulos, Officer Emmanuel Valerio, Captain Andrew Ventrella, Lieutenant Osvaldo Nunez, Deputy Inspector Joseph Dowling, Sergeant Timothy Conlon have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** defendant City of New York served plaintiff Vernon Branch with a Rule 68 Offer of Judgment on March 15, 2012, attached hereto as Exhibit A; and

**WHEREAS,** on or about April 9, 2012, plaintiff Vernon Branch accepted defendant's Rule 68 Offer of Judgment in the amount of One Hundred Thousand and One Dollars ($100,001.00), attached hereto as Exhibit B; and

**WHEREAS,** plaintiff Vernon Branch has assigned his rights to attorney's fees, costs and expenses to his attorney James Meyerson; and

**WHEREAS,** counsel for defendants and counsel for plaintiff now desire to resolve the issue of attorney's fees, costs and expenses without further proceedings; and

**WHEREAS,** this Stipulation of Settlement of Attorney's Fees ("Stipulation") shall not be construed to be an admission of liability by any defendant or the City of New York, nor an admission that any of the allegations made by plaintiff are true or that defendants in any way violated any rights guaranteed to plaintiff by any constitutions, statutes, ordinances, rules or regulations of the United States, the States of New York, or any subdivision thereof; and

**WHEREAS,** this Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, and nothing contained herein shall be deemed to constitute a policy or practice of the City of New York;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** in incorporating the above clauses of this stipulation, that by and between the undersigned and the attorney of record for plaintiff, being representatives of the respective parties to the above-captioned action, as follows:

1. Defendant City of New York shall pay to plaintiff's attorney, James Meyerson, Esq., the sum total of **Two Hundred Twenty-Four Thousand ($224,000.00)** in full satisfaction of plaintiff's claims for attorney's fees, expenses and costs in the above-referenced action.

2. In consideration of the payment of TWO HUNDRED TWENTY-FOUR THOUSAND dollars ($224,000.00) by the City, counsel for Plaintiff does hereby release and discharge the defendants City, Officer Jeremy Veit, Officer Kosta Demetrakopoulos, Officer Emmanuel Valerio, Captain Andrew Ventrella, Lieutenant Osvaldo Nunez, Deputy Inspector Joseph Dowling, Sergeant Timothy Conlon; their successors or assigns; and all past and present

officials, employees, representatives and agents of the City, or any agency thereof, from any and all claims of attorneys' fees, expenses and costs which were or could have been alleged in the aforementioned action.

3. Nothing contained herein shall be construed to be an admission of liability by any defendants or the City, nor an admission that any of the allegations made by Plaintiff are true or that defendants in any way violated any rights guaranteed to Plaintiff by any constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, the City, or any other rules, regulations or bylaws of any department or subdivision of the City. This Stipulation and settlement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

4. This Stipulation and Order contains all the terms and conditions agreed upon by the counsel for defendants and counsel for plaintiff hereto, and no oral agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of attorneys' fees, costs, or expenses shall be deemed to exist or to vary the terms and conditions contained herein.

Dated: New York, New York
05/04, 2012

James I. Meyerson, Esq.
Law Office of James I. Meyerson
64 Fulton Street
Suite 502
New York City, NY 10039
(212) 226-3310

By: ///James I.Meyerson///
James I.Meyerson, Esq.

MICHAEL A. CARDOZO
Corporation Counsel
  of the City of New York
*Attorney for Defendants*
100 Church Street, Room 3-196
New York, N.Y. 10007

By: ///Matthew Weir///
Matthew Weir
Assistant Corporation Counsel
Special Federal Litigation Division

SO ORDERED:

_____
HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

5/9/12